UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OKANOGAN VALLEY TRANSPORTATION LLC,

Plaintiff,

v.

ACE PROPERTY AND CASUALTY INSURANCE CO., et al.,

Defendants.

CASE NO. C20-1153JLR

ORDER

## I. INTRODUCTION

Before the court is Defendants Ace Property and Casualty Insurance Company, Chubb National Insurance Company, and Chubb Indemnity Insurance Company's (collectively, "Defendants") motion to transfer this case to the United States District Court for the Eastern District of Washington. (*See* Mot. (Dkt. # 10); Reply (Dkt. # 14).) Plaintiff Okanogan Valley Transportation, LLC ("OVT") opposes the motion.

(*See* Resp. (Dkt. # 12).) The court has reviewed the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS the motion and transfers this case to the Eastern District of Washington.

## II. BACKGROUND

This is an insurance coverage dispute related to an automobile accident that occurred in Spokane, Washington, on October 11, 2018. (*See* Am. Compl. (Dkt. # 1-2) ¶¶ 4.1-4.2.) OVT operates a "medical non-emergency transportation company dedicated to providing transportation for disabled people to medical appointments throughout Washington State." (Malkuch Decl. (Dkt. # 13) ¶ 2.) OVT is based out of Oroville, Washington. (*Id.*) On October 11, 2018, an OVT employee was driving one of OVT's vehicles when she was struck by an uninsured motorist, which caused damage to OVT's vehicle. (Am. Compl. ¶ 4.2.)

OVT was insured by Defendants under a commercial insurance policy that included an underinsured motorist endorsement ("the Policy"). (*Id.* ¶ 4.1.) The Policy was in full force and effect on the date of the accident at issue in this case. (*Id.*) After the accident, OVT made a claim under the Policy for the losses incurred as a result of the damage to OVT's vehicle. (*Id.* ¶ 4.4.) Defendants denied that claim. (*Id.*)

Defendants removed this action to this court from Snohomish County Superior Court. (*See* Not. of Removal (Dkt. # 1) ¶ 20.) Shortly after removal, Defendants filed the instant motion to transfer this case to the Eastern District of Washington. (*See* Mot.)

//

//

## III. ANALYSIS

### A. Legal Standard

A party may move to transfer venue pursuant to 28 U.S.C. § 1404(a) if transfer would serve "the convenience of the parties and witnesses" and "the interest of justice." *See* 28 U.S.C. § 1404(a). As a threshold matter, the moving party must first show that the transferee district is one in which the suit "might have been brought" in the first instance. *See id.* In other words, the moving party must show that the transferee court possesses subject matter jurisdiction over the action, venue would have been proper in the transferee court, and the parties would be subject to personal jurisdiction in the transferee court. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960); *A. J. Indus., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 503 F.2d 384, 386-88 (9th Cir. 1974).

Once the threshold questions are resolved, the court considers whether the convenience of the parties and witnesses and the interest of justice favor transfer. *See* 28 U.S.C. § 1404(a). In a "typical case not involving a forum selection clause, a district court . . . must evaluate both the convenience of the parties and various public-interest considerations." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). The Ninth Circuit Court of Appeals instructs district courts to apply a nine-factor balancing test to determine whether to transfer a case under Section 1404(a). *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The balancing test weighs: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts

relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, . . . (8) the ease of access to sources of proof," and (9) the public policy considerations of the forum state. *See id.* at 498-499.

**B. Threshold Issues**

The court notes that Defendants have carried their burden to establish that the Eastern District of Washington is a suitable alternative forum for this dispute. (*See* Mot. at 4.) In fact, OVT concedes that the Eastern District of Washington is a forum "in which the action might have been brought." (*See* Resp. at 4 (citing 28 U.S.C. § 1404(a)).) The court agrees with both parties that there are no jurisdictional or venue-related issues with Defendants' request to transfer this case to the Eastern District of Washington.

**C. Balancing Test**

At least three of the nine *Jones* factors that the court must apply in considering whether to transfer under Section 1404(a) weigh heavily in favor of transferring this case to the Eastern District of Washington. First, Defendants issued the Policy to OVT, which is headquartered in Oroville, Washington. (*See* Malkuch Decl. ¶ 2; Knowles Decl. (Dkt. # 11) ¶ 2, Ex. A at 7.) Oroville, Washington is located in Okanogan County, which is within the territorial jurisdiction of the Eastern District of Washington. 28 U.S.C. § 128(a) (detailing territorial jurisdiction of the Eastern District of Washington to include Okanogan County). Defendants are located outside of Washington. (*See* Not. of Removal ¶¶ 10-12.) Thus, the Policy was at least partially negotiated and executed in the Eastern District of Washington where OVT is domiciled and headquartered. On the other

hand, there is no connection between the negotiation of the Policy and the Western District of Washington.

Second, the Eastern District of Washington has stronger contacts with the parties than the Western District of Washington. OVT and Defendants both do business in the Eastern and Western Districts of Washington.[1] (*See* Malkuch Decl. ¶¶ 2, 4-6; Mot. at 8 (conceding that Defendants provide insurance to customers in the Western District of Washington).) Thus, the generic business contacts do not favor either district. However, as discussed above, OVT is headquartered in the Eastern District of Washington. Thus, the court concludes that this factor favors the Eastern District of Washington.

Third, there are also significantly more case-specific contacts in the Eastern District of Washington. The accident and loss at issue occurred in Spokane, Washington, which is in the Eastern District of Washington. *See* 28 U.S.C. § 128(a) (detailing territorial jurisdiction of the Eastern District of Washington to include Spokane County). As discussed above, the Policy was at least partially negotiated and executed in the Eastern District of Washington. Until OVT's counsel became involved in OVT's claim, Defendants' claims handling communications were directed at OVT in the Eastern District of Washington. (*See* Supp. Knowles Decl. (Dkt. # 15) ¶¶ 3-5, Exs. B-D.) In contrast, it appears that the only connection between this case and the Western District of

[1] OVT's president, Eric Malkuch, alleges that he has more contacts with the Western District of Washington than the Eastern District of Washington. (*See* Malkuch Decl. ¶ 7.) However, Mr. Malkuch's contacts with the Western District of Washington are related to medical treatment that he receives and his family connections. (*Id.*) Thus, these contacts are personal to Mr. Malkuch, not OVT, and are not relevant to this motion.

Washington is the location of OVT's counsel, which the court gives little weight. *See, e.g.*, *Sponcler v. BNSF Railway Co.*, No. C19-0112BJR, 2019 WL 3550659, at *1-2 (W.D. Wash. Aug 5, 2019) (transferring a case to the Eastern District of Washington where "the facts, witnesses, and evidence in this case are all centered around Spokane, Washington" and the case "has no connection to the Western District of Washington other than the fact that Plaintiff's local counsel is in Seattle"). Thus, the case-specific contacts weigh in favor of transferring this case to the Eastern District of Washington.

Five of the factors are neutral. Specifically, given that the Eastern District and Western District are both in Washington, the court concludes that both districts are equally familiar with the governing law and that Washington's public policy is irrelevant to this motion. OVT argues that the sixth, seventh, and eighth *Jones* factors—the cost of litigation, the availability of process, and the ease of access to evidence—are all neutral (*see* Resp. at 8-10), and Defendants offer only speculation that those factors favor transfer (*see* Mot. at 9). Based on the current record, the court agrees with OVT that these factors are neutral due to the fact no party has submitted evidence indicating that these factors favor one district over the other.

Thus, only one factor favors retaining this litigation in the Western District of Washington—the fact that OVT chose this forum. There is typically a "strong presumption in favor of Plaintiff's choice of forum." *See, e.g.*, *Authentify Patent Co., LLC v. StrikeForce Techs., Inc.*, 39 F. Supp. 3d 1135, 1148-49 (W.D. Wash. 2014). However, that presumption erodes where, as here, the chosen forum lacks any particular interest in the underlying lawsuit. *See, e.g.*, *Park W. Galleries, Inc. v. Illinois Nat'l Ins.*

*Co.*, C11-0780JCC, 2011 WL 13160389, at *3 (W.D. Wash. Nov. 15, 2011) ("[I]f the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.") (citations and internal quotations omitted); *Wise v. Techtronic Indus. Co., Ltd.*, No. C10-471MJP, 2010 WL 11553269, at *1 (W.D. Wash. Nov. 3, 2010) (noting that "deference is diminished when a plaintiff does not reside in the forum or operative events occurred elsewhere"). Accordingly, although the court recognizes that OVT's choice of forum weighs in favor of keeping this lawsuit in the Western District of Washington, the court concludes that that factor alone does not outweigh the other factors discussed above that favor transferring this case.

In sum, the court concludes that first, fourth, and fifth *Jones* factors weigh heavily in favor of transferring this case to the Eastern District of Washington; the second, sixth, seventh, eighth, and ninth factors are neutral; and the third factor weighs slightly in favor of keeping this case in the Western District of Washington. Thus, on balance, the court concludes that the nine-factor *Jones* test weighs in favor of transferring this case to the Eastern District of Washington. Accordingly, the court GRANTS Defendants' motion to transfer.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to transfer

//

//

//

venue to the Eastern District of Washington pursuant to 28 U.S.C. § 1404(a) (Dkt. # 10). The court DIRECTS the Clerk to transfer this case to the Eastern District of Washington.

Dated this 7th day of October, 2020.

JAMES L. ROBART
United States District Judge